# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-891V
**Filed: December 8, 2014**

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | UNPUBLISHED |
| RAY H BAKER, JR.,　　　　　　　　　\* | |
| 　　　　　　　　　　　　　　　　　\* | Special Master Gowen |
| 　　　　　Petitioner,　　　　　　\* | |
| 　　　　　　　　　　　　　　　　　\* | Joint Stipulation; |
| v.　　　　　　　　　　　　　　　　\* | Attorneys' Fees and Costs; |
| 　　　　　　　　　　　　　　　　　\* | |
| SECRETARY OF HEALTH　　　　　　　\* | |
| AND HUMAN SERVICES,　　　　　　　\* | |
| 　　　　　　　　　　　　　　　　　\* | |
| 　　　　　Respondent.　　　　　　\* | |
| 　　　　　　　　　　　　　　　　　\* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

Diana L. Stadelnikas Sedar, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 19, 2012, Ray H. Baker, Jr. ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]   42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on or about October 11, 2011, he developed brachial plexopathy. Petition ¶¶ 1, 6.  On November 25, 2014, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On that same day, the undersigned issued a Decision adopting the parties' stipulation for an award.  See

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Decision on J. Stip., filed Nov. 25, 2014.

On December 8, 2014, the parties filed a stipulation concerning attorneys' fees and costs. Petitioner requests a total award of attorneys' fees in the amount of $26,500.00. Stipulation at ¶ 2. Respondent does not object. Id. In accordance with General Order #9, petitioner's counsel states that petitioner did not personally incur reimbursable costs in pursuit of this claim. Id. at ¶ 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Diana L. Stadelnikas Sedar, of Maglio Christopher & Toale, PA, in the amount of $26,500.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**


**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.